■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KEATON, Appellant. [675 NYS2d 163] —Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered May 28, 1996, which resentenced defendant following his conviction of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant was originally sentenced as a second felony offender to a prison term of 2 to 4 years and placed on parole supervision following his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree in satisfaction of a two-count indictment. In light of a prior felony conviction, however, defendant was disqualified from participating in the parole supervision program; consequently, the parole supervision provision of defendant's sentence was revoked and he was resentenced as a second felony offender to a prison term of 2 to 4 years. Defendant now contends that the sentence was harsh and excessive and should be reduced in the interest of justice. We disagree. Defendant pleaded guilty with the understanding that the People would recommend the prison term which was ultimately imposed. Moreover, defendant was permitted to plead to a lesser included offense of the first count of the indictment and received the most lenient sentence allowed by statute (*see*, Penal Law § 70.06 [3] [d]; [4] [b]). Under the circumstances presented here, we perceive no reason to disturb the sentence imposed (*see, People v Atkinson*, 238 AD2d 628, *lv denied* 90 NY2d 854).

Mercure, J. P., Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.